NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES | : | **Hon. Dennis M. Cavanaugh** |
|  | : |  |
| Plaintiff, | : | **OPINION** |
|  | : |  |
| v. | : | Criminal Action 08-728 |
|  | : |  |
| GERALDINE MANUEL | : |  |
|  | : |  |
| Defendant | : |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

      This matter comes before the Court upon application by Ms. Geraldine Manuel ("Defendant") to reconsider the restitution amount imposed as part of Ms. Manuel's criminal sentence. Although no legal basis was cited by Defendant, the relevant provisions for an application to reduce restitution imposed as part of a criminal sentence are Fed. R. Crim. Pro. 35 and Fed. R. Crim. Pro.36. After considering the submissions of the parties, and based upon the following, the application is **denied.**

## I.     **BACKGROUND**

      Ms. Manuel was sentenced, pursuant to a plea arrangement with the United States, on August 17, 2010 for her role in a conspiracy that defrauded her employer. Her sentence included a term of incarceration as well as post-release supervision and the requirement that she pay restitution of $600,000. Although Defendant had taken exception to the loss figure set forth in the Presentence Report ("PSR"), neither the duration of the sentence nor the loss figure were challenged by Ms. Manuel at sentencing.

## II.  **LEGAL STANDARD**

The Federal Rules of Criminal Procedure allow for limited circumstances in which a criminal sentence or any part thereof may be corrected or reduced.  Rule 35(a) makes provision for correcting "clear error," and states, in relevant part, "within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical or other clear error." Rule 36, in relevant part, allows that "the court may at any time correct a clerical error in a judgment, order, or other part of the record arising from oversight or omission."

## III.  **DISCUSSION**

In this case, there is no indication from Ms. Manuel or her counsel that the loss figure is either clear error or a mere mistake of arithmetic. Of the two figures proffered, the $116, 815 that appears in the plea agreement, and the $600,000 that appears in the PSR, there is no basis on which this Court can conclude that the first is more accurate than the second. As the AUSA points out, the $600,000 loss amount was calculated after an extensive investigation by the government and was not speculative or accidental. Since there is no indication of clear error, the application is untimely pursuant to Rule 35(a), and since there is no technical, clerical or arithmetical mistake to correct, relief under Rule 36 is inapposite.

## IV.  **CONCLUSION**

For the foregoing reasons, Defendant's application for a reduction in the restitution component of her criminal sentence is **denied.** An appropriate order accompanies this opinion.

Dennis M. Cavanaugh, U.S.D.J.

Dated:        October   4  , 2010